# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JUANITA WARD,

    Plaintiff,

v.

MOST HEALTH SERVICES, INC., et al.,

    Defendants.

Civil Action No. 06-4646

**MEMORANDUM**

The parties to this action have filed a consent motion seeking (1) to vacate the order entered by Magistrate Judge M. Faith Angell on January 6, 2009, dismissing this case pursuant to Local Rule of Civil Procedure 41.1(b), and (2) entry of a modified consent order of dismissal that includes a consent judgment against Most Health Services, Inc. and Most Healthcare Systems, Inc. ("the Most entities") pursuant to a 2006 settlement agreement between plaintiff and the Most entities. The parties' consent motion was submitted some months after the close of the period for vacating or modifying orders prescribed in Local Civil Rule 41.1(b).[1] Therefore, I treat the parties'

---

[1] For reasons that remain unclear, the absence from the January 6, 2009 order of a consent judgment against the Most entities carrying into fruition the 2006 settlement

1

motion as one brought pursuant to Federal Rule of Civil Procedure 60(b).[2] *See Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993).

Rule 60(b) lists five relatively specific categories of situations that warrant relief. Then there is a sixth, catch-all, category – "any other reason that justifies relief." "The grant or denial of relief under Rule 60(b) rests in the discretion of the trial court." *Ceo v. Klem*, No. 07-cv-3177, 2007 WL 2458029, at *2 (E.D. Pa. Aug. 23, 2007) (citing *Delzona Corp. v. Sacks*, 265 F.2d 157, 159 (3d Cir. 1959)).

The fact that all the parties have at last come to agreement as to what they wish to have their consent order provide is persuasive that Rule 60(b) relief is warranted in this case. The parties' unanimity establishes that no party will be prejudiced by the requested modification of the January 6, 2009 order. And the motion, though tardy by the standards of Local Rule 41(b), comes less than a year after entry of the January 6, 2009 order. Under the circumstances presented here – multiple parties striving to reach agreement – the months required to achieve a mutually acceptable resolution comes within Rule 60(c)'s specification of "a reasonable time." *See In re Diet Drugs Prods. Liab. Litig.*, No. 99-20593, 2009 WL 2877440, at *1 (E.D. Pa. Aug. 27, 2009) ("It is within the court's

---

agreement between plaintiffs and the Most entities apparently was not noticed by the parties for some weeks after the January 6, 2009 order had been entered. Thereafter, some months were consumed in negotiating how, in the parties' view, the order should be modified.

[2] Fed. R. Civ. P. 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for" six enumerated reasons.

discretion to determine what constitutes a 'reasonable time.'") (citing *Taylor v. Stewart*, No. 96-6642, 2001 WL 872865, at *2 (E.D. Pa. July 11, 2001)). Accordingly, the consent motion will be granted.

    An appropriate order accompanies this memorandum.